Abraham J. Gellinoef, J.
This is an article 78 proceeding to review a determination of the City Rent and Rehabilitation Administrator which denied petitioners’ protest from an order of the Local Rent Administrator denying their application for four certificates of eviction.
Section 59 (snbd. a, par. [1]) of the City Rent, Eviction and Rehabilitation Regulations provides for the issuance of certificates of eviction to a landlord if he is seeking to use housing accommodations in connection with a business, which the landlord himself “ owns and operates in the immediate vicinity of the property in question”. In the present case, the corporate petitioner owns and operates the business in question. The indi *934 vidual owner landlord owns the entire property. Both petitioners seek eviction of the residential tenants in order to accommodate the business of the corporate petitioner lessee, of which the landlord is the sole stockholder.
Petitioners’ contention that there is complete legal identity between them by virtue of sole stock ownership by the landlord of the corporation, and that this satisfies section 59 of the regulations and entitles them to certificates of eviction, is erroneous and without merit (Matter of Kalpin v. Temporary State Housing Rent Comm., N. Y. L. J., June 22, 1956, p. 7, col. 6 ['Supreme Ct., N. Y. County, Levey, J.]).
However, petitioners’ further contention that the corporate tenant qualifies as a landlord by virtue of a long-term lease is correct and respondent concedes this. The sole question, therefore, is whethef or not there was a valid long-term lease between the parties. On this question, it seems that respondent’s inquiry was inadequate in that it failed to seek from petitioners the answers concerning the alleged inconsistencies as to the dates and parties with respect to the purported several leases alluded to in the record. Therefore, the proceeding is remanded to respondent for further hearing not inconsistent with this opinion.